(184 P.3d 967)
No. 98,992

## IN THE MATTER OF THE ADOPTION OF D.D.H., DOB: JANUARY 22, 2007, A MINOR CHILD.

Opinion filed June 6, 2008.

*Lois A. Lynn,* of Wichita, for appellant/cross-appellee natural father.

*Martin W. Bauer,* of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. of Wichita, for appellees/cross-appellants Catholic Charities, Inc., and natural mother.

Before RULON, C.J., ELLIOTT and GREENE, JJ.

RULON, C.J.: D.D.H. was born in January 2007 to K.H. (Mother) and J.H. (Father), who had been married for approximately 6 months. Due to marital problems, Father left the family home on March 14, 2007. On that date, Father took Mother to Catholic Charities, Inc., to discuss placing D.D.H. for adoption. The next day, Mother returned to Catholic Charities to proceed with an adoption. Father contended he never intended to relinquish his parental rights.

On March 16, 2007, Mother and Catholic Charities (Petitioners) filed a petition to terminate Father's parental rights under K.S.A. 2007 Supp. 59-2136(e) and (h). The Petitioners alleged Father's rights should be terminated because he abandoned D.D.H., he was unfit, he failed to adequately provide for the child and mother prior to and after D.D.H.'s birth, and it was in the child's best interests for Father's rights to be terminated.

Father timely filed an answer to the petition, objecting to the termination of his parental rights and disputing the Petitioners' various allegations. Shortly thereafter, Father filed a petition seeking the immediate return of D.D.H. from Catholic Charities.

A trial was conducted on April 30 and May 7, 2007, during which Father, Mother, and other witnesses testified and numerous exhibits were admitted. At the conclusion of the hearing, the trial court made various findings of fact and conclusions of law. On May 10, 2007, the trial court filed a journal entry reiterating the court's comments made from the bench. The trial court found the 2006 amendments to K.S.A. 59-2136 established that the "best interests of the child" was a separate standard justifying the termination of parental rights of a nonconsenting parent. The court found the Petitioners failed to prove inadequate financial support and found Father did not abandon D.D.H. Moreover, the court specifically declined to make a finding on the issue of Father's fitness as a parent. Instead, the court found Father's parental rights should be terminated based solely on the best interests of the child standard.

Father timely appealed. The Petitioners timely cross-appealed the trial court's refusal to find other grounds for unfitness.

On appeal, Father contends the trial court erred in terminating his parental rights solely on the best interests of the child standard, without any finding he was an unfit parent. Father argues the court misinterpreted and misapplied the statute. We agree.

Resolution of this issue requires interpretation of K.S.A. 2007 Supp. 59-2136. Interpretation of a statute is a question of law over which this court has unlimited review. An appellate court is not bound by the trial court's interpretation of a statute. *In re Adoption of S.J.R.*, 37 Kan. App. 2d 28, 32-33, 149 P.3d 12 (2006).

Prior to 2006, the adoption statute permitting termination of parental rights, K.S.A. 59-2136 provided, in relevant part:

"(e) Except as provided in subsection (d) [pertaining to stepparent adoptions], if a mother desires to relinquish or consents to the adoption of such mother's child, a petition shall be filed . . . to terminate the parental rights of the father, unless the father's relationship to the child has been previously terminated or determined not to exist by a court. The petition may be filed by the mother, the

petitioner for adoption, . . . or the agency to which the child has been or is to be relinquished. . . .

. . . .

"(h) When a father or alleged father appears and asserts parental rights, the court shall determine parentage, if necessary pursuant to the Kansas parentage act. . . . Thereafter, the court may order that parental rights be terminated, *upon a finding by clear and convincing evidence, of any of the following*:

(1) The father abandoned or neglected the child after having knowledge of the child's birth;

(2) the father is unfit as a parent or incapable of giving consent;

(3) the father has made no reasonable efforts to support or communicate with the child after having knowing of the child's birth; or,

. . . .

(7) the father has failed or refused to assume the duties of a parent for two consecutive years next preceding the filing of the petition." (Emphasis added.)

In 2006, H.B. 2665 was adopted. L. 2006, ch. 22, sec. 1. In that bill, the legislature added language to both the stepparent and non-stepparent provisions of K.S.A. 59-2136. The legislation added language to subsection (d), relating to stepparent adoptions, as italicized below.

"(d) In a stepparent adoption, if a mother consents to the adoption of a child who has a presumed father . . ., the consent of such father must be given to the adoption unless such father has failed or refused to assume the duties of a parent for two consecutive years next preceding the filing of the petition for adoption or is incapable of giving such consent. In determining whether a father's consent is required under this subsection, the court may disregard incidental visitations, contacts, communications or contributions. In determining whether the father has failed or refused to assume the duties of a parent . . ., there shall be a rebuttable presumption that if the father, after having knowledge of the child's birth, has knowingly failed to provide a substantial portion of the child support as required by judicial decree, when financially able to do so, for a period of two years next preceding the filing of the petition for adoption, then such father has failed or refused to assume the duties of a parent. *The court may consider the best interests of the child and the fitness of the nonconsenting parent in determining whether a stepparent adoption should be granted.*" (Emphasis added.) K.S.A. 2007 Supp. 59-2136(d).

Similarly, the same legislation renumbered the subsections of the nonstepparent provisions of 59-2136 from (h)(1)-(7) to (h)(1)(A)-(G) and added a new subsection (2), which states:

"(2) In making a finding whether parental right shall be terminated under this subsection, the court *may*:

(A) *Consider and weigh* the best interest of the child; and

(B) disregard incidental visitation, contacts, communications or contributions." (Emphasis added.) K.S.A. 2007 Supp. 59-2136(h)(2).

Prior to the 2006 amendments, Kansas stepparent adoption cases indicated the best interests of the child standard, while a paramount consideration in custody disputes, was "not *controlling* in determining the statutory issue of whether a natural parent has failed to assume parental duties." (Emphasis added.) *In re Adoption of S.E.B.*, 257 Kan. 266, 274, 891 P.2d 440 (1995); see *In re B.M.W.*, 268 Kan. 871, 881, 2 P.3d 159 (2000). This court recently noted, however, *S.E.B.* did not necessarily hold that best interests of the child could not be considered in adoption cases. Rather, *S.E.B.* held the best interests of the child could not be a controlling factor. See *In re Adoption of S.J.R.*, 37 Kan. App. 2d at 37-38.

"[A]n argument can be made that when the *S.E.B.* court stated that the fitness of the nonconsenting parent and the best interests of the children were not controlling factors under K.S.A. 59-2136(d), the court implicitly conceded that these factors, along with other relevant factors, could be considered in deciding if the nonconsenting parent had failed to perform parental duties under K.S.A. 59-2136(d). A court must look at all the surrounding circumstances when determining whether a nonconsenting parent has failed to assume parental duties for the 2 preceding consecutive years. *S.E.B.*, 257 Kan. at 273; *In re Adoption of F.A.R.*, 242 Kan. 231, 236, 747 P.2d 145 (1987). Here, the father's fitness and the best interests of the children, although not controlling factors, were factors to be considered in deciding if the father had failed to perform the obligations of a parent under K.S.A. 59-2136(d)." *In re Adoption of S.J.R.*, 37 Kan. App. 2d at 38.

In any event, we are not persuaded from the meager legislative history provided by the parties the legislature intended the best interests of the child factor could stand alone as a ground to terminate a natural parent's right in a nonstepparent adoption case. Had the legislature intended the best interests of the child alone could justify termination, the legislature could have added such language to the list of reasons provided in current section (h)(1) itemizing the grounds upon which "the court may order that parental rights be terminated, upon a finding of clear and convincing evidence." K.S.A. 2007 Supp. 59-2136(h). We are convinced the

legislature intended to adopt the holding of this court in *In re Adoption of S.J.R.* that the best interests of the child can be considered but is not a controlling factor.

We note the effect of the 2006 amendment to the stepparent adoption portion of K.S.A. 2007 Supp. 59-2136(d) was addressed by this court in *In re Adoption of G.L.V.*, 38 Kan. App. 2d 144, 163 P.3d 334, *rev. granted* 285 Kan. 1174 (2007). In that case, this court rejected a stepfather's claim the best interests of the child standard in subsection (d) should be the controlling factor in the adoption decision. 38 Kan. App. 2d at 151. We conclude the legislature did not intend to alter the statutory provisions governing the need to establish a natural parent had failed to fulfill his or her parental duties before finding the parent's consent to the adoption unnecessary.

The Kansas Adoption and Relinquishment Act, K.S.A. 59-2111 *et seq.*, is to be strictly construed in favor of maintaining the rights of natural parents. *In re Adoption of K.J.B.*, 265 Kan. 90, 95, 959 P.2d 853 (1998). The Kansas Legislature intended to expressly permit courts, in weighing decisions whether to terminate parental rights, to consider the best interests of the child as a factor but not as a stand-alone basis for terminating parental rights.

Petitioners argue the trial court's decision is proper because Father made no appropriate effort to fulfill Father's parental responsibilities and, therefore, Father's consent to an adoption is not constitutionally required under *Caban v. Mohammed*, 441 U.S. 380, 60 L. Ed. 2d 297, 99 S. Ct. 1760 (1979) (striking down statute which gave unwed mothers, but not unwed fathers, power to block adoptions when unwed father had participated in the rearing of the child), and *Quilloin v. Walcott*, 434 U.S. 246, 255, 54 L. Ed. 2d 511, 98 S. Ct. 549, *reh. denied*, 435 U.S. 918 (1978) (natural father of illegitimate 11-year-old child, who never sought custody or attempted to legitimize the child, was not denied due process when Court terminated his parental rights based on best interests of the child in order to preserve existing family unit of child, mother and stepfather). However, here the trial court found Petitioners failed to prove some of the allegations Father failed to fulfill pa-

rental responsibilities. The trial court specifically declined to make a finding as to whether Father was unfit.

As the United States Supreme Court has noted on several occasions:

"If the State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without *some showing of unfitness* and for the sole reason that to do so was thought to be in the children's best interest, I should have little doubt that the State would have intruded impermissibly on 'the private realm of family life which the state cannot enter.' " (Emphasis added.) *Smith v. Organization of Foster Families*, 431 U.S. 816, 862-63, 53 L. Ed. 2d 14, 97 S. Ct. 2094 (1977) (Stewart, J., concurring); see *Quilloin*, 434 U.S. at 255 (quoting portion of same).

In the alternative, the Petitioners, as cross-appellants, request this court to affirm the trial court's decision on alternative grounds under K.S.A. 2007 Supp. 59-2136(h)(1). Specifically, Petitioners allege Father's rights can be terminated because he abandoned or neglected the child, he was unfit, he made no reasonable effort to support or communicate with the child, and he failed to provide support for the mother during the 6 months prior to the child's birth.

Petitioners contend this court can conclude the trial court was right for the wrong reason, as long as there is substantial evidence to support a finding that at least one of the grounds under K.S.A. 2007 Supp. 59-2136(h)(1) is met. We disagree.

The trial court specifically found Petitioners failed to carry their burden of proof to establish Father abandoned D.D.H. or that Father failed to provide support before and after D.D.H.'s birth. Finding a party did not meet its burden of proof is a negative factual finding. Generally, an appellate court will not disturb a negative finding "absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. [Citation omitted.]" *General Building Contr., LLC v. Board of Shawnee County Comm'rs*, 275 Kan. 525, 541, 66 P.3d 873 (2003). Petitioners do not cite to any undisputed evidence which was arbitrarily disregarded by the trial court, nor do Petitioners claim the trial court exhibited bias or prejudice.

Likewise, the trial court refused to make any findings as to whether Father was unfit. Petitioners were obligated to prove grounds for termination of Father's rights by clear and convincing evidence. See K.S.A. 2007 Supp. 59-2136(h). By asking this court to make a finding of unfitness when the trial court refused to do so, we too would be obligated to make such finding by clear and convincing evidence. Our Supreme Court has noted that "clear and convincing evidence is not a quantum of proof but, rather, a quality of proof. . . . It is clear if it is certain, unambiguous, and plain to the understanding. It is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it. [Citation omitted.]" *Ortega v. IBP, Inc.,* 255 Kan. 513, 528, 874 P.2d 1188 (1994); see PIK Civ. 3d 102.11.

However, this court is an appellate court, not a factfinder. See *Sall v. T's, Inc.,* 281 Kan. 1355, 1362, 136 P.3d 471 (2006). As such, we decline to determine the " 'persuasiveness of testimony which a trial court may have believed. The appearance and demeanor of a witness, which appellate courts never had the opportunity of observing and which cannot be transmitted to the cold records of this court, may be, and sometimes are, far more persuasive than positive testimony.' [Citation omitted.]" *Johnson v. Meade,* 1 Kan. App. 2d 254, 258-59, 563 P.2d 522 (1977).

The evidence in this case and inferences therefrom require weighing credibility and determining the persuasiveness of evidence pertaining to whether Father's actions and inactions establish he is unfit to parent D.D.H. While we are fully cognizant of the time-sensitive nature of adoption proceedings, the trial court, not this court, is in the best position to weigh these delicate matters. Accordingly, we decline Petitioners' invitation to act as factfinders in this case.

For all these reasons, the trial court's finding that the best interests of the child alone can qualify as a ground for termination of parental rights under K.S.A. 2007 Supp. 59-2136(h) is an incorrect interpretation of the statute and is reversed. The order terminating Father's parental rights and finding his consent is unnecessary to the adoption is reversed. The matter is remanded to the trial court for determination of the issue the trial court declined to

address—whether Father is unfit within the meaning of K.S.A. 2007 Supp. 59-2136(h).

Upon remand, this matter should be expedited.

Reversed and remanded for further proceedings consistent with this opinion.